On Rule to Fix Alimony.
DAWKINS, J.
Plaintiff appeals from a judgment of the lower court granting the defendant alimony in the sum of $55 per month pendente lite. Defendant has answered the appeal, praying that the sum be increased to $139 per month.
Plaintiff contends that the defendant is the owner of property and is possessed of resources which render the payment of alimony unnecessary under the provisions of article 148 of the Revised Civil Code. It is true that the record shows that she owns an undivided interest in some property, and that there are certain funds in the hands of the court ultimately coming to her, and that she receives from her son who lives with her some $30 per month as the price of his board. However, the property and funds in question *85 are not available at this time, and it requires very little reflection to realize that, with the present high cost of the necessities of life, the price at which the son’s board is furnished is not more than it costs the mother to provide it.
It is contended by the defendant that the allowance should be increased, because, it is said, that the income of the plaintiff is $5,000 per year, instead of $2,000, as found by the lower court. The judge below gave judgment on the basis of one-third of plaintiff's' income, which, according to returns made to the United States Internal Revenue Department, was $2,000 per year. Counsel for defendant argue that the plaintiff is allowed an exemption of $3,000, on which no income tax is due, and, if he paid a tax on $2,000, it must have been because his income was that much in excess of the exemption and therefore $5,000. This contention is not supported by the record. The only testimony on that score is that of the plaintiff, who swore that he paid income tax on $2,000; but later on he testified that this amount represented his entire income. (T. p. 31.)
We think the judgment of the lower court does substantial justice between the parties, and the same is therefore affirmed, at the cost of the appellant.